## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PRAGMATUS TELECOM, LLC, | Civil Action No. 14-cv-26-RGA |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| GENESYS TELECOMMUNICATIONS LABORATORIES, INC., | |
| Defendant. | |
| PRAGMATUS TELECOM, LLC, | Civil Action No. 14-cv-56-RGA |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| TOUCHCOMMERCE INC., | |
| Defendant. | |
| PRAGMATUS TELECOM, LLC, | Civil Action No. 14-cv-169-RGA |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| INTERACTIVE INTELLIGENCE INC., | |
| Defendant. | |
| PRAGMATUS TELECOM, LLC, | Civil Action No. 14-cv-359-RGA |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ASPECT SOFTWARE INC., | |
| Defendant. | |
| PRAGMATUS TELECOM, LLC, | Civil Action No. 14-cv-360-RGA |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| INCONTACT, INC., | |

1

|  | |
|---|---|
| Defendant. | |
| PRAGMATUS TELECOM, LLC, <br> Plaintiff, <br> v. <br> LIVEOPS INC., <br> Defendant. | Civil Action No. 14-cv-361-RGA <br><br> JURY TRIAL DEMANDED |

## SCHEDULING ORDER

This _H_ day of _JM_, 2014, the Court having conducted an initial Rule 16(b) scheduling

conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion

that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding

arbitration;

IT IS ORDERED that:

1.      Rule 26(a)(1) Initial Disclosures. The parties shall make their initial disclosures

pursuant to Federal Rule of Civil Procedure 26(a)(1) within 30 days of this Order.

2.      Joinder of Other Parties and Amendment of Pleadings. All motions to join other

parties, and to amend or supplement the pleadings, shall be filed on or before **January 16, 2015**,

except for amendments relating to inequitable conduct.

3.      Discovery.

    a.      Discovery Cut Off. All discovery in this case shall be initiated so that it

will be completed on or before **January 22, 2016**.

    b.      Document Production. Document production shall be substantially

completed by **March 25, 2015**.

      c.      Initial Discovery in Patent Litigation. Discovery shall be governed by the

Default Standard for Discovery, Including Discovery of Electronically Stored Information (the

"Default Standard"), which is incorporated herein by reference, except as modified herein.

> i.      Disclosures pursuant to paragraph 3 of the Default Standard shall be
> exchanged within 30 days of this Order.
>
> ii.      Plaintiff's identification of the accused products and asserted patents,
> pursuant to paragraph 4(a) of the Default Standard, and Plaintiff's
> initial identification of asserted claims, shall be served on or before
> **October 30, 2014**.
>
> iii.      Defendant's production of core technical documents related to the
> accused products, pursuant to paragraph 4(b) of the Default Standard,
> shall be served on or before **December 5, 2014**.
>
> iv.      Plaintiff's infringement contentions, pursuant to paragraph 4(c) of the
> Default Standard, shall be served on or before **January 16, 2015**
>
> v.      Defendant's invalidity contentions, pursuant to paragraph 4(d) of the
> Default Standard, shall be served on or before **March 9, 2015**.

      d.      Requests for Admission. A maximum of **30** common requests for

admission are permitted for each side, and each party may serve **20** individual requests for

admission. These limits exclude requests for authenticity of documents.

      e.      Interrogatories. A maximum of **15** common interrogatories may be asked

of Pragmatus by Defendants and asked of Defendants by Pragmatus on issues that are the same

for all or substantially all parties.  In addition, a maximum of **10** interrogatories, including

contention interrogatories, may be asked of Pragmatus by each Defendant.  Likewise, Pragmatus

may propound a maximum of **10** interrogatories on any individual Defendant, including contention interrogatories on each Defendant.

        f.     <u>Depositions</u>.

        i.     <u>Limitation on Hours for Deposition Discovery</u>.  The parties may take depositions subject to the limits in the Federal Rules of Civil Procedure.  Subject to any ruling or restrictions imposed by any Canadian Court, up to two of the inventors of the patents-in-suit may be deposed for a maximum of **14** hours each collectively by Defendants, and the remaining inventors may be deposed for a maximum of **7** hours each collectively by Defendants.

        ii.     <u>Location of Depositions</u>. All witnesses shall ordinarily be required, upon proper request, to submit to a deposition in the district in which the individual resides, or in the district of the witnesses' principal place of business.

        g.     <u>Discovery Matters and Disputes Relating to Protective Orders</u>. Should counsel find they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Case Manager to schedule an in-person conference/argument. Unless otherwise ordered, by no later than forty-eight hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. By no later than twenty-four hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition. Should any document(s) be filed under seal, a courtesy copy of the sealed document(s) must be provided to the Court within one hour of e-filing the document(s).

4

If a discovery-related motion is filed without leave of the Court, it will be denied

without prejudice to the moving party's right to bring the dispute to the Court through the

discovery matters procedures set forth in this Order.

4.      Application to Court for Protective Order. Should counsel find it will be

necessary to apply to the Court for a protective order specifying terms and conditions for the

disclosure of confidential information, counsel should confer and attempt to reach an agreement

on a proposed form of order and submit it to the Court **within thirty (30) days** from the date of

this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel

must follow the provisions of Paragraph 3(g) above.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the
> disclosure of information in this case, the Court does not intend to
> preclude another court from finding that information may be
> relevant and subject to disclosure in another case. Any person or
> party subject to this order who becomes subject to a motion to
> disclose another party's information designated as confidential
> pursuant to this order shall promptly notify that party of the motion
> so that the party may have an opportunity to appear and be heard
> on whether that information should be disclosed.

5.      Papers Filed Under Seal. When filing papers under seal, counsel shall deliver to

the Clerk an original and one copy of the papers. A redacted version of any sealed document

shall be filed electronically within seven days of the filing of the sealed document.

6.      Courtesy Copies. The parties shall provide to the Court two courtesy copies of all

briefs and one courtesy copy of any other document filed in support of any briefs (i.e.,

appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed

under seal.

7.      Service. In addition to any other manner of service authorized by the Federal

Rules of Civil Procedure or the D. Del. Local Rules, the parties agree that service may be made

electronically via email unless the parties agree that another manner of service is acceptable or appropriate for a particular instance.

      8.    Claim Construction Issue Identification. On or before **March 26, 2015**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On or before **April 9, 2015**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). These documents will not be filed with the Court. Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than **April 23, 2015**. The Joint Claim Construction Chart, in Word or WordPerfect format, shall be e-mailed simultaneously with filing to rga_civil@ded.uscourts.gov. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

      9.    Claim Construction Briefing. The Plaintiff shall serve, but not file, its opening brief, not to exceed 20 pages, on **May 21, 2015**. The Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on **June 18, 2015**. The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **July 9, 2015**. The Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on **July 30, 2015**. No later than **August 7, 2015**, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

6

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

A.      [TERM I]

1.      Plaintiff's Opening Position
2.      Defendant's Answering Position
3.      Plaintiffs Reply Position
4.      Defendant's Sur-Reply Position

B.      [TERM 2]

1.      Plaintiffs Opening Position
2.      Defendant's Answering Position
3.      Plaintiff's Reply Position
4.      Defendant's Sur-Reply Position

Etc. The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.

10.     Hearing on Claim Construction. Beginning at **8:30 a.m. on September 17, 2015,** the Court will hear argument on claim construction. Absent prior approval of the Court (which, if it is sought, must be done so by joint letter submission no later than the date on which answering claim construction briefs are due), the parties shall not present testimony at the argument, and the argument shall not exceed a total of three hours.

11.     Disclosure of Expert Testimony.

a.      Expert Reports. For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 5, 2016**. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before **March 4, 2016**. Defendants' supplemental

7

report(s) on secondary considerations of non-obviousness shall be due on or before **March 18, 2016.** No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Depositions of experts shall be completed on or before **April 15, 2016**.

      b.    Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court.

    12.    Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **May 11, 2016**. Answering briefs shall be served and filed on or before **June 2, 2016**. Reply Briefs shall be served and filed on or before **June 20, 2016**. No case dispositive motion under Rule 56 may be filed more than ten days before the above date without leave of the Court.

    13.    Applications by Motion. Except as otherwise specified herein, any application to the Court shall be by written motion. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

    14.    Trial Scheduling Conference. On **July 1, 2016 at 8:30 a.m.,** the Court will hold a conference to discuss dates for the pretrial conferences and trials for these cases.

    15.    Pretrial Conference. On **October 21, 2016, at 8:30 a.m.,** the Court will hold the Rule 16(e) final pretrial conference.

8

16.     Motions *in Limine*. Motions *in limine* shall not be separately filed. All *in limine*
requests and responses thereto shall be set forth in the proposed pretrial order. Each party shall
be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine*
request and any response shall contain the authorities relied upon; each *in limine* request may be
supported by a maximum of three pages of argument and may be opposed by a maximum of
three pages of argument, and the party making the *in limine* request may add a maximum of one
additional page in reply in support of its request. If more than one party is supporting or
opposing an *in limine* request, such support or opposition shall be combined in a single three
page submission (and, if the moving party, a single one page reply). No separate briefing shall be
submitted on *in limine* requests, unless otherwise permitted by the Court.

17.     Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be
tried to a jury, pursuant to Local Rules 47.1(a)(2) and 51.1, the parties to that trial should file (i)
proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special
verdict forms no later than 5 p.m. on the third business day before the date of the final pretrial
conference. The parties to that trial shall submit simultaneously with filing each of the foregoing
four documents in Word or WordPerfect format to rga_civil@ded.uscourts.gov.

18.     Trial. The first 5 day jury trial, as determined at the Trial Scheduling Conference
is set to begin on **October 31, 2016 at 9:00 a.m.**

19.     ADR Process. This matter is referred to a magistrate judge to explore the
possibility of alternative dispute resolution.

20.     All filings in the above captioned cases shall be made in Civil Action No. 14-cv-
26-RGA which will be the sole docket for all of the above cases going forward. The text of the

9

docket entry for all filings shall identify the parties to which the filing is directed, if that filing is

not directed to all Defendants.

UNITED STATES DISTRICT JUDGE